[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
This is an appeal by the property owners of the compensation awarded for the taking of real property known as 126 Kimberly Avenue in New Haven. The City of New Haven condemned the property and determined the fair market value on the taking date, September 22, 1999, to be $64,000. It offered the appraisal of Casper M. Amodio to support that conclusion.
The appellants-property owners offered the appraisal of Eric M. Glidden who placed a value of $192,000 on the property.
 DISCUSSION
Both appraisers used the comparable sales approach to arrive at their opinions of market value. The court has serious reservations about the appellants' appraisal. The so-called "comparable sales" utilized includes a former church rectory, a warehouse, and a former furniture store. The property in question is an old fashioned public school, renovated for use as a technical school but vacant and abandoned since 1993.
The former rectory is now used as a residence and faces the green on Wooster Square in an area substantially "gentrified" though buffeted by the economy. It is three blocks from the center of New Haven.
The warehouse was demolished by its purchaser, Yale University, the owner of numerous adjacent properties. It is in a commercial area, a few blocks out of the center of the city.
The former furniture store has been converted to use as a church and is located in a commercial area. It is about five blocks from downtown. It is the closest to the subject property in terms of location, but none of the comparables are or were used for the use recommended for the subject property by both appraisers — that of rental apartments. CT Page 2767
Putting aside the comparables employed, the court finds one aspect of the appellants' appraiser impossible to reconcile. This is the fact that the appraiser did not inspect the interior of the building. Photos offered in the city's appraisal show advanced deterioration of the building floors and ceilings and testimony indicated roof damage, windows in disrepair, plumbing removed, etc.
The court cannot envision a prudent investor buying this parcel without knowing the cost to repair or replace the items noted above, amongst others. No mention was made of the number of apartments that could be created out of the former school space, whether units could be created in the basement, and what service systems would have to be replaced. Is this value premised on spending $100,000 or $300,000 to render the building usable?
Even the appellants' appraiser conceded that the building would require "extensive renovation." A realtor who showed the property six to eight times described it as in poor condition and some of the floors damaged.
 CONCLUSION
Based on the foregoing, the court must conclude that the appellants have not proved their claimed market value and the court finds that the fair market value on September 22, 1999 was $64,000.
The parties also indicated a disagreement over the actual amount due the city for back taxes. Neither side had the documentary evidence at this hearing to present the issue fully. The court will entertain a request to render a decision on this question if they are unable to reconcile the conflicting evidence of re-evaluation or improper billing.
 Anthony V. DeMayo Judge Trial Referee
CT Page 2768